

Ira S. Nesenoff
Andrew T. Miltenberg

Barbara H. Trapasso
Ariya M. Waxman
Tara J. Davis
Diana R. Warshow
Gabrielle M. Vinci
Robert D. Werth
Jeffrey S. Berkowitz
Kara L. Gorycki

Philip A. Byler
*Senior Litigation Counsel*
Megan S. Goddard
*Counsel*
Rebecca C. Nunberg
*Counsel*
Marybeth Sydor
*Title IX Consultant*

May 29, 2018

**VIA ELECTRONIC FILING**
Hon. Judge Vernon S. Broderick

   Re: *Maddix v. Baychester Chicken, Inc.*
      <u>Case No. 17-cv-4658</u>

Dear Your Honor,

  We are counsel to the plaintiff, Tamoy Maddix ("Plaintiff"), in the above-referenced matter, and jointly submit this letter with defense counsel for the Court's assessment and approval of the offer and acceptance of judgment (the "Proposed Judgment"). A copy of the Proposed Judgment is being submitted contemporaneously with this letter and is annexed hereto as Exhibit A[1,2].

   *I.* ***The Need for the Court's Approval of the Proposed Judgment***

  As Plaintiff's action was commenced pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the parties' settlement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015).

   *II.* ***Plaintiff's Claims for Unpaid Wages***

  Plaintiff filed her complaint on June 20, 2017, asserting causes of action for, *inter alia*, unpaid overtime compensation pursuant to the FLSA and New York Labor Law. Plaintiff alleges that throughout the entirety of her employment she worked six (6) days per week from 4:00 p.m. to 11:00 p.m. Monday through Friday, and from 10:00 a.m. to 11:00 p.m. one weekend day a week. Thus, she alleges working a minimum of forty-eight (48) hours per week. Plaintiff alleges that in lieu of paying Plaintiff her lawfully earned overtime, Defendant would manipulate the time records and pay Plaintiff in cash, at irregular increments, for any hours worked over forty (40) in a given workweek. Plaintiff further alleged that Defendant never compensated her at a rate of 1.5 times her regular rate of pay. Plaintiff also claims that the Defendants failed to provide her with accurate weekly wage statements in violation of the New York Labor Law. Plaintiff further claims that Defendant failed to pay her proper spread-of-hours wages for all

---

[1] Plaintiff notes that the Proposed Judgment is for full resolution of Plaintiff's claims which include claims for discrimination under the New York City Human Rights Law, the New York State Human Rights Law, and Title VII of the Civil Rights Act of 1964. Plaintiff notes that settlement of such claims do not require court approval and therefore the arties respectfully limit this application for approval to Plaintiff's overtime claims under the Fair Labor Standards Act.
[2] The parties note that in the Proposed Judgment, Defendant denies all liability. Plaintiff understands Defendant's denial of liability and has willingly accepted the Proposed Judgment.



NESENOFF & MILTENBERG LLP
ATTORNEYS AT LAW

days she worked over ten (10) hours a day. Based solely on Plaintiff's allegations, Plaintiff initially calculated that she is owed approximately $60,000.00 in damages.

As reflected in the Proposed Judgment, the parties have agreed to settle the case for a total of $20,000 to resolve all of Plaintiff's claims against the Defendant. After careful consideration of the facts and circumstances underlying Plaintiff's wage claim, many of which came to light following the filing of Plaintiff's Amended Complaint, we believe this settlement to be a fair resolution to this litigation, due to *bona fide* disputes about Plaintiff's claims.

### III.    The Proposed Judgment is Fair and Reasonable

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07 Civ. 86, 2008 U.S. Dist. LEXIS 20786, at *2 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, supra,* 679 F.2d at 1354)).

Here, it is undisputed that the Proposed Judgment did not result because of "overreaching" by the employer. To the contrary, the settlement was reached as a result of extensive arm's length negotiations between experienced counsel, and at times, with the Court's assistance. Courts typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of the settlement. *See In re Penthouse Executive Club Compensation Litig.,* No. 10 Civ. 1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement).

#### A.    *Plaintiff's Initial Damages Calculation Was Inflated*

Plaintiff's initial damages calculations are based upon her own recollection about her work schedule and pay, over a multi-year period. Plaintiff has no records of her own regarding her hours worked or compensation received and based her damages calculation on the assumption that she never missed a day of work, nor took any breaks throughout the day for which she would not be entitled to compensation. Meanwhile, the Defendant contends that Plaintiff's allegations as to her work hours are vastly exaggerated. Defendant contends that Plaintiff never worked a "double shift," as Plaintiff alleged, never worked longer than a ten-hour shift, was not scheduled for more than forty (40) hours a week, and very infrequently covered other employees' shifts.

In support of its defense, Defendant advised that all of Plaintiff's work hours were logged by a time clock used on the premises and produced examples of Plaintiff's paychecks which correctly broke down Plaintiff's hours worked, and the division of overtime and straight time pay. In addition, Defendant alluded to witnesses who could attest to the fact that Plaintiff did not work the alleged hours. Following discovery of such evidence, counsel for Plaintiff investigated further and after several conferences with Plaintiff, discovered that Plaintiff's initial damages calculation was based on an overbroad time period and that, in reality, any alleged unpaid wages were limited to Plaintiff's employment over a few short summer months in 2015, not her entire employment with Defendant. In addition, following additional document review and discussions with Plaintiff, Plaintiff's counsel estimated that Plaintiff's potential unpaid wages totaled approximately $5,232.00.



NESENOFF &
MILTENBERG LLP
ATTORNEYS AT LAW

Defendant's potential evidence posed a significant risk to Plaintiff because if believed by a trier of fact, at the minimum, the value of Plaintiff's claims could have been significantly reduced. Moreover, if a trier of fact accepted Defendant's evidence entirely, especially in light of Plaintiff's lack of her own records, it would have found that Plaintiff was properly compensated for all hours worked and was therefore owed no overtime compensation at all.

By settling now, Plaintiff will receive compensation that meets and exceeds the amount of damages that Plaintiff believes she is entitled to on her Wage & Hour claims, even after attorneys' fees are accounted for. In addition, this settlement enables the parties to avoid the time and risks inherent in any future briefings and/or trial. It is respectfully submitted that, in view of the foregoing, this settlement is a reasonable compromise of disputed issues and should therefore be approved.

### IV. Attorneys' Fees

The Proposed Judgment is inclusive of attorneys' fees and costs. Attorneys' fees in FLSA settlements are examined to ensure that the interests of plaintiff's counsel in his own compensation did not adversely affect the extent of the relief counsel procured for the clients. *See Wolinsky v. Scholastic*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). Pursuant to this firm's retainer agreement with Plaintiff, our firm will retain one-third of the settlement ($6,666.59) plus the Firm's costs and expenses ($772.00), which is below our firm's lodestar. Indeed, to date, Plaintiff's counsel has spent 32.6 hours litigating this matter, which included, but were not limited to: (i) discussions with Plaintiff; (ii) investigation into Plaintiff's claims and potential damages; (iii) drafting of pleadings including an EEOC Charge of Discrimination, complaint, and amended complaint; (iv) drafting discovery; (v) preparation for and participation in a settlement conference before Honorable Judge Aaron; and (vi) discussions with Defendant'' counsel. To date, Plaintiff's attorneys' fees, when calculated at counsels' regularly charged hourly rates, total approximately $12,840.00 when charged at counsels' regular hourly rates[3], plus $772.00 in costs and expenses. In this case, Plaintiff's counsel fee of one-third is reasonable. *See Hiang v. Chiang*, No. 16 Civ. 1129, 2016 U.S. Dist. LEXIS 142670, at *7-8 (S.D.N.Y. Oct. 14, 2016) (awarding attorneys' fees of one-third of settlement amount in FLSA case); *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15 Civ. 6278, 2016 U.S. Dist. LEXIS 86206, at *6 (S.D.N.Y. June 29, 2016) (awarding attorneys' fees in amount of one-third of gross settlement); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (when using the "percentage of the fund" approach, "courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases"); *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) ("a fee that is one-third of the fund is typical" in FLSA cases).

For all of the reasons set forth above, the parties request that the Court approve and enter the Proposed Judgment against Defendant. We thank the Court for its continued attention to this matter.

---

[3] Nesenoff & Miltenberg, LLP., attorneys for Plaintiff, also regularly handle cases on an hourly basis. The hourly rate charged for Gabrielle Vinci, Esq., the lead attorney on this matter, is $400.00 per hour. Plaintiff includes a copy of the Firm's contemporaneous time and expense records for this matter as Exhibit B.



Respectfully submitted,

Gabrielle Vinci, Esq.

cc: All Counsel (by ECF)