UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                      :

TAMOY MADDIX, *on behalf*           :
*of herself, individually, and all others similarly* :
*situated*,                                    :
                                      :
                      Plaintiff,    :
                                      :
               -against-         :
                                      :
                                      :
BAYCHESTER CHICKEN, INC., D/B/A   :
POPEYE'S LOUISIANA KITCHEN,     :
                                      :
                     Defendant.   :
                                      :
--------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/2018

17-CV-4658 (VSB)

**<u>ORDER</u>**

<u>VERNON S. BRODERICK, United States District Judge</u>:

       On June 20, 2017, Plaintiff Tamoy Maddix filed this action against Baychester Chicken,

Inc., d/b/a Popeye's Louisiana Kitchen[1], alleging violations of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the New York Labor Law ("NYLL"), N.Y. Lab. Law §§

160, 195, *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.*, the

New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.*, and 42 U.S.C. §

1981. (Doc. 2.) On November 1, 2017, Plaintiff filed an amended complaint alleging, among

other things, that Defendant failed to pay her certain minimum and overtime wages due to her

under the FLSA and NYLL. (Am. Compl. ¶¶ 1–4.)[2] On December 6, 2017, Defendant filed its

Answer to the Amended Complaint. (Doc. 26.)

---

[1] On August 31, 2017, I so ordered the parties' stipulation of partial dismissal without prejudice as to Popeye's
Louisiana Kitchen, Inc. ("Popeye's"), which was initially named as a Defendant in this matter, as the parties
indicated that Popeye's had been incorrectly named as a party to this case. (*See* Doc. 18.)

[2] "Am. Compl." refers to the Amended Complaint, filed on November 1, 2017. (Doc. 23.)

On April 25, 2018, the parties submitted to me, by electronic mail, a signed offer of judgment from Defendant and signed acceptance of judgment from Plaintiff pursuant to Federal Rule of Civil Procedure 68.  On April 27, 2018, I entered an Order directing the parties to file a joint fairness letter pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  (Doc. 33.)  On May 29, 2018, the parties submitted a joint fairness letter pursuant to *Cheeks,* and in that letter sought leave to file their offer and acceptance of judgment, resolving all claims in this matter.  (Doc. 34.)

For the reasons that follow, the parties' motion for leave to file their offer and acceptance of judgment is APPROVED, and I find the request for attorneys' fees to be reasonable.

## I.    <u>Legal Standard</u>

Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor.  *See Cheeks*, 796 F.3d at 206.  In the absence of Department of Labor approval, the parties must demonstrate to this Court that their settlement is "fair and reasonable."  *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (citation omitted).

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."  *Beckert v. Rubinov*, No. 15 Civ.1951(PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335

(S.D.N.Y. 2012)).  "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  *Xiao v. Grand Sichuan Int'l St Marks, Inc.*, No. 14-CV-9063 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quoting *Pavon v. Daniel's Bagel Corp.*, No. 15 CV 8376 (LTS) (SN), 2016 WL 3960555, at *1 (S.D.N.Y. July 12, 2016)).  Where a settlement agreement includes a provision for fees, courts must "separately assess the reasonableness of plaintiffs' attorney's fees."  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).

The Second Circuit has not yet decided whether court approval is required when FLSA plaintiffs settle their claims by accepting an offer of judgment under Rule 68.  *See Yu v. Hasaki Rest., Inc.*, 874 F.3d 94, 98 (2d Cir. 2017) (granting interlocutory appeal on the question of "whether Rule 68 settlements in FLSA cases require District Court review of approval," and noting the "differing rulings within this Circuit" on that question).  Rule 68 allows parties to settle their claims and states as follows:

> Making an Offer; Judgment on an Accepted Offer.  At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment.

Fed. R. Civ. P. 68(a).

## II.    Discussion

In an abundance of caution—and in agreement with many other judges in this District who have required plaintiffs to submit an application for approval of their Rule 68 FLSA settlements, *see, e.g.*, *Yu v. Hasaki Rest., Inc.*, 319 F.R.D. 111, 111–16 (S.D.N.Y. 2017) (gathering cases and concluding that courts must approve FLSA settlements under Rule 68),

*leave to appeal granted*, 874 F.3d 94 (2d Cir. 2017)—I will treat the parties' offer and acceptance of judgment as akin to a settlement agreement under *Cheeks*. Because I conclude that the settlement here should be approved under the FLSA based on the materials submitted, I need not decide whether court approval is always required under these circumstances.

I address two aspects of the proposed settlement under Rule 68: (1) the settlement amount, and (2) the attorneys' fees award. I finds both of these to be fair and reasonable.

### A.    *Settlement Amount*

The parties' agreement provides for a settlement amount of $20,000.00. (Doc. 34.) It allocates $12,561.41 to be paid directly to Plaintiff after attorneys' fees and costs are deducted. (*See id.*) Based on her initial calculations, Plaintiff claimed to be owed $60,000 in unpaid wages. (*Id.*) However, following discovery, Plaintiff concluded that her initial damages calculation was based on an overbroad time period and her unpaid wages totaled approximately $5,232. (*Id.*) Thus, the settlement amount represents more than Plaintiff's revised estimate of unpaid wages and is within the realm of reasonable settlement amounts. *See Beckert*, 2015 WL 8773460, at *2.

The parties further contend that the settlement is fair in light of the anticipated costs and risks associated with continued litigation, including trial. (*See* Doc. 34.) Furthermore, Plaintiff's damages calculations assume that all of the facts alleged by Plaintiff are correct; indeed, if Defendant were to succeed in defeating any of Plaintiff's claims, Plaintiff would run the risk of receiving a smaller amount than that allocated to her under the settlement.

The proposed settlement also appears to be the product of adversarial, arm's-length bargaining between experienced counsel, and there is no basis for me to believe that there was any fraud or collusion involved in the settlement. (*See generally id.*) Nor are any factors present that typically weigh against approving a settlement. *See Wolinsky*, 900 F. Supp. 2d at 335–36.

Therefore, based on the parties' representations and my own analysis of the totality of the circumstances, I find that the settlement is a fair and reasonable resolution of Plaintiff's claims. *See Yunjian Lin v. Grand Sichuan 74 St. Inc*., No. 15-CV-2950(RA), 2018 WL 3222519, at *4–5 (S.D.N.Y. July 2, 2018).

## B.    *Attorneys' Fees*

I next consider the attorneys' fees contemplated in the settlement.  The attorneys' fees sought are $6,666.59, plus $772.00 in costs and expenses, which represent approximately 33% of the total settlement amount of $20,000.00.  (*See* Doc. 34.)

It is within my discretion whether to award attorneys' fees based on either the lodestar method (*i.e.*, the attorneys' hours worked multiplied by their hourly rates) or the percentage method (*i.e.*, a percentage of the settlement amount).  *See Vasquez v. TGD Grp., Inc.*, No. 14-CV-7862 (RA), 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016).  While either method is acceptable, a court evaluating attorneys' fees in a FLSA settlement "should be guided in any event by factors including:  (1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations."  *Larrea v. FPC Coffees Realty Co.*, No. 15-CIV-1515 (RA), 2017 WL 1857246, at *5 (S.D.N.Y. May 5, 2017) (internal quotation marks omitted).  When applying the percentage method, courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases.  *See, e.g.*, *Gaspar v. Personal Touch Moving, Inc.*, No. 13-cv-8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District.").

Here, I find that the contemplated attorneys' fees and costs are reasonable under the circumstances.  As a percentage, the requested attorneys' fees and costs constitute approximately

one-third of the settlement amount.  Plaintiff's counsel represents that her firm performed

numerous tasks on behalf of Plaintiff, including preparing the Complaint and Amended

Complaint, preparing damages calculations, preparing discovery requests, negotiating with

Defendant's counsel, corresponding with Defendant's counsel, corresponding with the Court,

and preparing the *Cheeks* submission.  The requested attorneys' fees and costs are also

significantly lower than the proffered lodestar amount of $13,612, which further militates in

favor of finding the requested amount reasonable.  Accordingly, I find the contemplated

attorneys' fees to be fair and reasonable.

### III.    <u>Conclusion</u>

For the reasons stated above, I find the settlement—including the contemplated attorneys'

fees and costs and expenses—fair and reasonable.  The Clerk of Court is directed, pursuant to

Federal Rule of Civil Procedure 68, to enter judgment in favor of Plaintiff in the amount of

$20,000.00.  Of that amount, Plaintiff's counsel will receive $6,666.59 in fees and $772.00 in

costs and expenses.  The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated:    October 19, 2018
          New York, New York

Vernon S. Broderick
United States District Judge